**STAR WOOLEN COMPANY**
v.
**The UNITED STATES.**
**No. 51–61.**

United States Court of Claims.
Nov. 7, 1962.

Edward L. Merrigan, Washington, D. C., for plaintiff.

Robert R. Donlan, with whom was Joseph D. Guilfoyle, Acting Asst. Atty. Gen., for defendant.

WHITAKER, Judge.

This case is before the court on defendant's motion for judgment on the pleadings.

In its petition plaintiff sets out this portion of the terms and conditions of the proposed contract submitted with the invitation for bids:

"*Inspection:* Bidders are invited and urged to inspect the property to

be sold prior to submitting bids. Property will be available for inspection at the places and times specified in the Invitation * * *."

It then alleges:

" * * * When the said representative of petitioner arrived to inspect the goods, defendant made available for inspection only one (1) unit or assembly of the thirty-five (35) units or assemblies offered for sale, and this unit consisted of good, merchantable, unused, clean white nylon goods. Defendant's agent or representative in the Disposal Division of the Department of the Navy thereupon represented to petitioner's said representative that defendant was unable, because of the huge size and weight of the remaining crates, to make available and to open for inspection any of said remaining crates containing the other 34 units or assemblies offered for sale, but defendant there and then represented and warranted to petitioner that each of the remaining units or assemblies offered for sale by defendant, was identical to the unit made available for inspection, and that each and every unit was new, unused, and clean, and that each such unit was contained intact in the same new inner packing material and crates in which same was originally accepted by defendant prior to the disposal sale."

Further it is alleged that in reliance upon the inspection which it was able to make, "and upon the representations and warranties of defendant as aforesaid," it submitted its bid. Upon delivery at plaintiff's plant, it is alleged that 33 of the units purchased were in the original packing crates, but two were not, and that 13 of the 35 units purchased were of a quality greatly inferior to the unit which it was able to inspect.

It prays judgment in the sum of $14,295.08.

■ Plaintiff, of course, is not able to recover for whatever breach there may have been of the alleged warranty by defendant's agent in the Disposal Division of the Department of the Navy who was present at the time plaintiff's representative came to inspect the goods.

Paragraph 12 of the contract provided:

"12. *Verbal Modifications.*—Any oral statement by any representative of the Government, modifying or changing any conditions of this contract, is an expression of opinion only and confers no right upon the Purchaser."

The contract expressly said in paragraph 2:

"2. *Condition of property.*—All property listed herein is offered for sale 'as is' and 'where is' and without recourse against the Government. If it is provided herein that the Government shall load, then 'where is' means f. o. b. conveyance at the point specified in the Invitation. The description is based on the best available information, but the Government makes no guaranty, warranty, or representation, expressed or implied, as to quantity, kind, character, quality, weight, size, or description of any of the property, or its fitness for any use or purpose, and no claim will be considered for allowance or adjustment or for rescission of the sale based upon failure of the property to correspond with the standard expected; this is not a sale by sample."

Defendant's representative, therefore, had no authority whatever to make any representations as to the condition of the goods. Sachs Mercantile Co. v. United States, 78 Ct.Cl. 801; Newman v. United States, 135 F.Supp. 953, 133 Ct.Cl. 429; Whiteside, et al. v. United States, 93 U.S. 247, 23 L.Ed. 882; Royal Indemnity Co. v. United States, 313 U.S. 289, 61 S.Ct. 838, 85 L.Ed. 1515.

The contract cast upon bidders the burden of ascertaining the quantity, kind, character, quality. etc., of the property.

But plaintiff says its representative was unable to inspect the property. Paragraph 1 of the contract, after having urged bidders to inspect the property, stated: "Property will be available for inspection at the places and times specified in the Invitation." So much of paragraph 1 was set out in plaintiff's petition, but this paragraph further said, "The Government will not be obliged to furnish any labor for such purpose. In no case will failure to inspect constitute grounds for a claim or for the withdrawal of a bid after opening."

Plaintiff alleges in its petition that defendant's representative said that *he* was unable, "because of the huge size and weight of the remaining crates, to make available and to open for inspection any of said remaining crates. * * *" Since the contract said that the Government would not be obliged to furnish any labor for the purpose of an inspection, defendant's representative was well within his right in saying that he, as the defendant's representative, would not move the crates so as to make them convenient for inspection. It is not alleged that he prohibited plaintiff itself from moving them to a place where they could be opened and inspected. There was no obligation on the Government to do this and plaintiff made no effort to do so itself. It cannot, therefore, complain that the other crates were not inspected.

Moreover, notwithstanding the fact that defendant's representative refused to open the other crates for inspection himself, plaintiff submitted its bid anyway. Even if there had been a failure on the part of the defendant to do all that it was supposed to do, in order to enable plaintiff to make an inspection of the goods, plaintiff waived the failure to do so by submitting a bid thereafter.

Plaintiff in its brief says that, "under the contract, the Government was responsible for any damage to the goods up to the time title passed to plaintiff, after the Government loaded the goods for shipment, and the petition alleges 'the merchandise was delivered by defendant to petitioner's plant in New York'" and arrived there "dirty, badly stained and discolored."

There is no allegation in the petition that the goods were tampered with after plaintiff's representative inspected some of them. If plaintiff means to say that title did not pass to it until the goods arrived in New York, and that defendant was responsible for any damage done to them in transit, the petition does not so allege and, therefore, no recovery can be had on this theory.

But it is clear from the contract that title passed to plaintiff, not in New York, but not later than when they were loaded on a conveyance at the site of the property. Paragraph 2 of the contract provided, in part:

"All property listed herein is offered for sale 'as is' and 'where is' and without recourse against the Government. If it is provided herein that the Government shall load, then 'where is' means f. o. b. conveyance at the point specified in the Invitation."

The entire contract is not made an exhibit to the petition and, hence, we do not know whether or not there was an obligation on the Government to load the goods, but, even if there was, title passed to plaintiff as soon as the goods were loaded on a conveyance at the place where the goods were, and there is no allegation in either the petition, or the brief for that matter, that the goods were damaged between the date of inspection and the date they were loaded on the conveyance. Even if we were inclined to consider the claim made in the brief, which we are not, still, plaintiff has not stated a cause of action.

We are satisfied that the facts as pleaded do not constitute a breach of the contract by defendant and its motion is granted. Plaintiff's petition is accordingly dismissed.

JONES, Chief Judge, and DAVIS, DURFEE and LARAMORE, Judges, concur.